Lott v. Gray.

---

### ROBERT B. LOTT v. WILLIAM L. GRAY.

The action allowed by the tenth and eleventh sections of the act of 28th March, 1840, abolishing imprisonment for debt, cannot be maintained, unless the unjust advantage, or preference given by the creditor to one of his debtors, or the conveyance, transfer, mortgage, or pledge of his property made by him, shall have had the effect of injuring the complainant. Thus, where the property alleged to have been fraudulently and illegally sold, had been seized under a *fi. fa.* by a third person, who had, under art. 722 of the Code of Practice, by the mere act of seizure, acquired a preference over the other creditors, the plaintiff cannot maintain his action; as the annulling of the sale could only benefit the creditor who had acquired a privilege by his seizure.

APPEAL from the District Court of Rapides, *King*, J.

*M. Ryan*, for the appellant.

*Brent*, and *O. N. Ogden*, for the defendant.

SIMON, J. This action is instituted under the 10th and 11th sections of an act of 28th March, 1840. B. & C's. Dig. p. 474. The allegations of the petition are, that the plaintiff is a judgment creditor of the defendant, in the sum of $277 75, with interest, which he was prevented from collecting, in consequence of an actual or simulated sale, or fraudulent transfer, made by the defendant, of his cotton to Lambeth & Thompson; that said sale, whether actual or pretended, was made by the defendant, solely with the intention of defrauding, cheating, and swindling his

honest creditors; and, that even supposing that Lambeth & Thompson were the defendant's creditors, he gave them an undue preference over other creditors, he, the defendant, being in insolvent circumstances. He prays according to the provisions of the said act of 1840.

The answer first denies the allegations contained in the petition, and avers, that all said allegations are false and unfounded. The defendant further avers that this proceeding has been harrassing, vexatious, and illegal throughout; and that, by his illegal arrest and detention, &c., he has suffered damages to the amount of $2000, which he claims in reconvention.

This case was tried twice before a jury. The first verdict was in favor of the plaintiff; but the District Judge having granted a new trial, on the ground that the verdict was contrary to law and evidence, the second jury returned a verdict in favor of the defendant; and the plaintiff, after a vain attempt to obtain a new trial from the judgment rendered thereon, took this appeal.

We think with the Judge, a quo, that the verdict first rendered was against law and evidence, and that the second verdict was correct. Without its being necessary to enter into any detail of the evidence adduced by the plaintiff in support of his action, and even admitting that the allegation of insolvency has been satisfactorily established, there is a circumstance disclosed by the facts spread on the record, which of itself is sufficient to destroy the plaintiff's action, if he ever had any. It is this: it appears that the plaintiff, having issued execution upon his judgment, the same was received by the Sheriff on the 14th of February, 1842, and that on the 21st of the same month, the defendant having been called on to satisfy the writ, and no property being found, the execution was returned, *nulla bona;* whereupon, the present suit was instituted. But it appears also, that an execution having been previously issued at the suit of M. Wells against the defendant, the same had been received by the Sheriff on the 6th of January, 1842; that on the 13th of the same month, it was levied upon all the crop of cotton, ginned and unginned, belonging to the defendant and his wife, including therein twenty-five bales of cotton marked L. & T., and that the sale of all the cotton was enjoined by Lambeth & Thompson.

Now, under the 16th section of the law of 1840, an action of this kind cannot be instituted, unless the debtor has given an unjust advantage, or preference to any one of his creditors, *the effect whereof shall be to injure the complaining creditor*, or shall have made a conveyance, transfer, mortgage, or pledge of his property *to the prejudice of the complaining creditor*. Here, how can it be said that the alleged sale of the cotton to Lambeth & Thompson, supposing it to exist, was to have the effect of *injuring the plaintiff*, or that such sale was made to his prejudice ? Wells had acquired in the mean time, previous to the issuing of the plaintiff's execution, and perhaps before the delivery of the cotton, a privilege upon the very property alleged to have been sold, *by the mere act of his seizure*, which privilege entitled him *to a preference over other creditors*. Code of Practice, art. 722. The plaintiff had no right to seize the cotton, and, therefore, it is clear that the alleged sale cannot have the effect of injuring him ; since even supposing that the sale to Lambeth & Thompson was illegal and subject to be avoided, this is a matter between them and Wells, the result of which, if against Lambeth & Thompson, would turn to the exclusive advantage of Wells, by virtue of his right of privilege or preference over the other creditors of the defendant, without the plaintiff's being in any manner benefited thereby.

*Judgment affirmed.*